UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:02-CR-127(01)RM |
| | ) | |
| TIMOTHY HAYES | ) | |

## OPINION AND ORDER

Timothy Hayes was on supervised release in 2006 when he was arrested and convicted in an Indiana court for selling a controlled substance. At the federal probation office's request, an arrest warrant was issued on November 29, 2006 based on the alleged violation of the conditions of release, but the warrant was never executed. Mr. Hayes was reportedly sentenced in January 2007 to ten years on the state conviction, and is serving that sentence. His petition to expedite disposition of the probation violation charge and to set the matter for hearing pends before the court.

The government maintains that the court has authority under 18 U.S.C. § 3565(c) to delay Mr. Hayes' revocation hearing until he completes his state court sentence. Section 3565(c) provides that the court's power to revoke a sentence of probation "extends beyond the expiration of the term of probation for any period reasonably necessary for adjudication of matters arising before its expiration . . ."

Mr. Hayes's conviction, if confirmed, would conclusively establish a violation of the conditions of his federal probation. United States v. Rasmussen, 881 F.2d

395, 399 (7th Cir. 1989). "Once a probationer is convicted of an offense that will constitute a probation violation, 'the only remaining inquiry is whether continued release is justified notwithstanding the violation.'" <u>United States v. Rasmussen</u>, 881 F.2d at 399 (*quoting* <u>Carchman v. Nash</u>, 473 U.S. 716, 733 (1985)). The length of Mr. Hayes' current incarceration complicates the issue. Holding a hearing at the expiration of his intervening sentence might be reasonable and appropriate under some circumstances, *see* <u>Carchman v. Nash</u>, 473 U.S. at 733; <u>Moody v. Daggett</u>, 429 U.S. at 89; <u>United States v. Rasmussen</u>, 881 F.2d at 399-400, but "the decision whether to request expeditious disposition [of a probation-violation charge] lies with the prisoner, and there are circumstances under which the prisoner may have a legitimate interest in obtaining prompt disposition of a probation-violation charge underlying a detainer." <u>States v. Rasmussen</u>, 881 F.2d at 400 (*quoting* <u>Carchman v. Nash</u>, 473 U.S. at 733). Mr. Hayes has made such a request.

Accordingly, the court sets this matter for hearing on **Tuesday, April 6, 2010, at 1:30 p.m. (E.D.T.)** on the defendant's petition to revoke probation [Doc. No. 68]. The government is directed to insure the defendant's presence at the hearing.

SO ORDERED.

ENTERED:    March 29, 2010


_____/s/ Robert L. Miller, Jr._____
Judge
United States District Court